UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SEANTAI SUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:06-CV-217 JM |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Seantai Suggs, a *pro se* prisoner, submitted a complaint seeking, pursuant to FED. R. CRIM. P. 41(g), the return of his jewelry, clothing, pagers, driver's license, pictures, currency, and weapons which were purportedly seized by the defendant on February 23, 2001, February 27, 2001, and May 22, 2001. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> . . .
> In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice

> pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Suggs has waited five years to bring this lawsuit, so it is barred by the doctrine of estoppel.

> [T]he plaintiff is estopped from bringing this action due to the four year lapse between the time he first learned of the seizure and the time he commenced action to regain his property. [W]here the plaintiff fails to take action within two years of constructive notice of seizure, a motion pursuant to Rule 41[g] will be dismissed.

*Hill v. United States*, 830 F. Supp. 270, 274 (D. Pa. 1993) (Citation and parentheses omitted).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The clerk is directed to **ENTER FINAL JUDGMENT** stating: "Judgment is entered in favor of defendant United States of America, and against plaintiff Seantai Suggs, who shall take nothing by way of his complaint."

**SO ORDERED.**

ENTER: June 26, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT