UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SENTAI SUGGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06 CV 217 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before this court is plaintiff Sentai Suggs's miscellaneous motion requesting an order that the government compensate him for lost property and reimburse him for costs and fees in this case. (DE # 23.) This motion is **DENIED**.

**I. BACKGROUND**

Plaintiff Sentai Suggs filed a complaint that moved for return of property seized by the government pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) (DE # 1.) This court dismissed that complaint (DE # 5), and the Seventh Circuit affirmed in part, and reversed and remanded in part, directing this court to develop the factual record regarding some of the property (DE # 20).

On remand, the government made two proactive filings, stating the whereabouts of Suggs's property. (*See* DE # 18; DE # 19.) These filings explained that the government had returned several of the items in question, had the remaining items in its possession, and merely awaited Suggs's direction about where he wanted the remaining items returned. (*Id.*) The court then ordered Suggs to inform the government where and to

whom he wanted the items returned, and ordered the government to return the property within 30 days after receiving Suggs's instructions and to notify the court when it had done so. (DE # 22.) Unfortunately, the government never provided the notice as ordered, but rather fell silent for several months, the case apparently sinking into bureaucratic quicksand. (*See* DE # 25.)

During this time period, Suggs filed the present motion. (DE # 23) In it, Suggs alleges that, despite its previous claims that it would return all of his property, the government has failed to return three categories of items— seven women's gold rings; several hats, caps, and other pieces of clothing; and three pagers. (*Id.* at 2.) Suggs demands that this court order the government to compensate him for this property. (*Id.*) Suggs also argues that he has prevailed in the case, and demands that the government pay the fees and costs he incurred in prosecuting this case and its appeal. (*Id.* at 2-3.)

In its eventual response, the government asserts that it has returned all of Suggs's property to the people and locations he specified, with the exception of his three pagers. (DE # 29 at 1-2.) The government claims the FBI destroyed the pagers. (*Id.* at 2.) However, it argues that damages for the loss of the pagers are not available through a RULE 41(g) motion, and that Suggs would have to file a complaint under the Federal Tort Claims Act to seek compensation for them. (*Id.* at 3.) In opposition to Suggs's request for fees and costs, the government apparently construes Suggs's request as applying only to appellate costs and argues that his request is untimely under FEDERAL RULE OF APPELLATE PROCEDURE 39. (*Id.* at 4.)

2

In his reply, Suggs only asserts that he is entitled to fees and costs under RULE 39, and that his request for costs and fees is not untimely. (DE # 30.)

## II. DISCUSSION

*A. Return of Property and Damages for Loss of Property*

Suggs's claims regarding his property have come to an end, at least in this case. The government asserts that it has returned all of the personal property that was the subject of this case, except for the pagers (DE # 29 at 1-2), and Suggs fails to contest this assertion (*see* DE # 30). Citing several cases, the government also argues that Suggs cannot receive damages for the pagers in this type of proceeding, initiated via FEDERAL RULE OF CRIMINAL PROCEDURE 41(g). (*Id.* at 3.) Suggs again does not dispute this contention. Assuming that he had however, the court would side with the government, as the Seventh Circuit has noted that "a suit for damages is not authorized by RULE 41(g)." *Okoro v. Callaghan*, 324 F. 3d 488, 491 (7th Cir. 2003) (citing cases).[1]

Thus, the purpose of Suggs's RULE 41(g) motion has been met. The government has returned all applicable property except for the three pagers, which it destroyed. Damages for the loss of these pagers are not available in this proceeding.

---

[1] *Okoro* explains that "RULE 41(g) creates a remedy analogous to the common law writ of replevin" where a plaintiff sues for the return of property or, if the defendant has sold the property, the proceeds of the sale. *Okoro*, 324 F. 3d at 490. Therefore, under *Okoro*, a district court could allow a RULE 41(g) plaintiff to pursue the proceeds of a government sale of his or her property. *See id.* That would not be possible here, however, as Suggs's pagers were destroyed, not sold.

*B. Costs and Fees*

Suggs also demands that the government compensate him for his costs and fees in prosecuting this case. In making this request he appends a portion of FEDERAL RULE OF APPELLATE PROCEDURE 39 to his motion and cites *Heritage Tech., LLC, v. Phibro-Tech, Inc.*, No. 1:05-cv-1851, 2008 WL 45380 (S.D. Ind. Jan. 2, 2008) for the proposition that because he "was the prevailing part in this case, he is entitled to reasonable fees and costs related to the filing of this case and the appeal." (DE # 23 at 3-4.)

In response, the government only addresses Suggs's request for fees and costs as it pertains RULE 39. (DE # 29 at 4.) It claims that RULE 39(d) requires the party seeking costs after a victorious appeal to file a bill of costs within 14 days after the entry of judgment and, since Suggs did not do so, his motion for costs is untimely. (*Id.*)

In reply, Suggs asserts, without citation to authority, that because the case was partially remanded, the Seventh Circuit's judgment was never formally entered and thus his request for costs and fees is timely under RULE 39.

Suggs's reliance for fees and costs pursuant to RULE 39 is misplaced. The portion of RULE 39 that specifically applies to this case (and which is not mentioned by either party) is subsection (a)(4), which states: "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." FED. R. APP. P. 39(a)(4). The Seventh Circuit's decision in this matter did affirm in part and reverse in part, but did not order any costs assessed. (*See* DE # 20.)  Thus, under RULE 39, neither party would be entitled to costs or fees.

4

In any event, Suggs may not recover his cost or fees in this case because has proceeded *in forma pauperis*. (*See* DE # 2.) 28 U.S.C. § 1915(f)(1) explains that in cases proceeding *in forma pauperis*, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred." Thus, as a plaintiff proceeding *in forma pauperis*, Suggs is not eligible to recoup his costs or fees from the government. *See Chambers v. Barnhart*, 355 F. 3d 1261, 1263 (10th Cir. 2004) (§ 1915(f)(1) "thus compels the conclusion that RULE 39(b) does not allow costs to be awarded . . . against the United States in [ifp] appeals. ") (internal quotation omitted); *Maida v. Callahan*, 148 F. 3d 190, 193 (2d Cir. 1998) ("the *in forma pauperis* statute prevents an indigent claimant from recovering costs against the United States").

Suggs's motion for damages, costs and fees (DE # 23) is therefore **DENIED**. Because the claims regarding Suggs's property have been resolved, unless Suggs submits a filing explaining why this case should continue, the court, acting *sua sponte*, will dismiss this case with prejudice in 30 days.

**SO ORDERED.**

**ENTER:** August 6, 2008

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT